UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RICHARD ROYAL,

                                                  Petitioner,

11-CV-5859 (CS) (GAY)

               - against -

**ORDER ADOPTING REPORT AND RECOMMENDATION**

WILLIAM LEE, Superintendent, Green Haven
Correctional Facility,

                                                  Respondent.
------------------------------------------------------------------x

Seibel, J.

      Before the Court are Petitioner Johannes Gonzalez's Objections, dated January 14, 2013, (Doc. 23), to the Report and Recommendation ("R&R") of United States Magistrate Judge George A. Yanthis, dated December 13, 2012, (Doc. 21), recommending denial of Petitioner's Amended Petition pursuant to 28 U.S.C. § 2254, (Doc. 6). Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

I.    Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) ("The district judge

-1-

may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v.*

---

[1] Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

*Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.  Discussion

Petitioner's Objections consist of reiterations of the arguments he made to Magistrate Judge Yanthis, and accordingly I may review for clear error. I find none. Moreover, even if I were undertaking a *de novo* review, I would reach the same conclusion as Magistrate Judge Yanthis, for the reasons stated in the R&R. The only thing I would add is that the delays of weeks in obtaining documents (to which delays Petitioner points as one excuse for his failure to timely file his Petition) are hardly unusual (whether those documents are sought from counsel or elsewhere), and in any event would not prevent timely filing within one year.

Conclusion

Accordingly, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

SO ORDERED. 2053 (μ)
Dated: February 6, 2011
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.